**MEIYING ZHAO, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 13-72950**

United States Court of Appeals, Ninth Circuit.

Submitted May 19, 2017 * San Francisco, California

Filed July 17, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

Chung N. Phang, Esquire, Law Offices of Chung N Phang, Oakland, CA, for Petitioner

OIL, Erik R. Quick, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: TALLMAN and IKUTA, Circuit Judges, and OLIVER,** Chief District Judge.

MEMORANDUM ***

Zhao Meiying petitions for review of the Board of Immigration Appeals's (BIA) order dismissing her appeal from the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Because "[u]nder the REAL ID Act, the IJ may base an adverse credibility determination on any relevant factor that, considered in light of the totality of the circumstances, can reasonably be said to have a 'bearing on a petitioner's veracity,'" *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010)), the IJ could base an adverse credibility determi-

nation on the discrepancies in the December 2006 medical record. Although "a typographical error, will not by itself form a sufficient basis for an adverse credibility determination," *Shrestha*, 590 F.3d at 1043, Zhao presented no evidence to the BIA establishing that the multiple discrepancies in the December 2006 medical record were in fact attributable to typographical errors. Contrary to Zhao's argument, the IJ determined that the hospital's correction letter was not persuasive because the hospital lacked a reliable basis for making the correction, not because the letter had not been authenticated. While the record indicates that Zhao's husband provided the hospital with the allegedly erroneous medical record, it does not indicate that he also provided the hospital with accurate records. Absent evidence that the hospital could compare the erroneous document with accurate records, we cannot discount the IJ's determination that the correction letter was not persuasive as mere speculation and conjecture. *Cf. Singh v. Lynch*, 802 F.3d 972, 975–76 (9th Cir. 2015). The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), and on this record, we cannot conclude that the evidence offered by Zhao compels the conclusion that she is credible. *See Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005) (explaining that under the REAL ID Act, "only the most extraordinary circumstances will justify overturning an adverse credibility determination").

Zhao was given an opportunity to explain the discrepancies in the December 2006 medical record; the IJ was not required to afford Zhao a second such oppor-

** The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

tunity. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

Absent Zhao's discredited testimony, the remaining evidence in the record is insufficient to carry Zhao's burden of establishing that she is eligible for relief. *See* 8 U.S.C. §§ 1158(b)(1)(B), 1231(b)(3)(C); *Ling Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

**PETITION DENIED.**

OLIVER, Chief District Judge, dissenting:

I respectfully dissent because I do not believe that the discrepancies in the December 2006 medical record are significant enough to render Zhao's testimony not credible. While the Real ID Act expanded the bases on which an adverse credibility determination may be premised, permitting consideration of any inconsistency, it nonetheless required any decision be made "in light of the 'totality of the circumstances, and all relevant factors.'" *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)). Reaching its adverse credibility determination here, the BIA seized on errors, which, when reviewed in context, were relatively minor and had little bearing on Zhao's veracity. *See id.* at 1043 ("[A]n utterly trivial inconsistency, such as a typographical error, will not by itself form a sufficient basis for an adverse credibility determination."). In so doing, the BIA failed to take note of the consistency between the offending document and two other medical records from the same December 21, 2006 hospital visit, created under the direction of the same doctor and bearing Zhao's correct surname. All three documents bear Zhao's correct first name and age. The BIA, however, "cherry pick[ed] solely facts favoring an adverse credibility determination while ignoring facts that undermine[d] that result." *Id.* at 1040.

Moreover, Zhao provided a reasonable and plausible explanation for the discrepancies on which the BIA relied, which was corroborated by the hospital's correction letter. The BIA's rejection of the letter from the hospital, which identified the errors as having been caused by hospital staff, rests on impermissible speculation and conjecture about the hospital's lack of a reliable basis to correct these typographical errors. *See, e.g., Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence."). While the REAL ID Act substantially broadened the grounds on which an adverse credibility determination may be based, it did not eliminate the requirement that such decisions be grounded in substantial evidence in the record. *See Shrestha*, 590 F.3d at 1039–45. Because I do not believe that the findings relied upon by the BIA are supported by substantial evidence, I would reverse the BIA's findings and remand for further proceedings.